**MEMO ENDORSED**

UNITED STATES DISTRICT COURT, THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH ASHMEADE | Filed: 6/26/2025 |
| Plaintiff, | |
| vs. | Index No.: 1:23-cv-04331-UA / 2023 |
| | **Motion to Supplement the Record and Request Court Order for review of EEOC Submissions** |
| AMAZON.COM; A/K/A AMAZON.COM SERVICES LLC: A/K/A AMAZON.COM, INC; | |
| Defendants, | |

UNITED STATES DISTRICT COURT, THE SOUTHERN DISTRICT OF NEW YORK

**PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND REQUEST COURT ORDER FOR REVIEW OF EEOC SUBMISSIONS**

**Plaintiff, Keith Ashmeade, appearing pro se, and respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 15(d), Rule 11(b), and its inherent authority to supplement the record and issue an order to review and incorporate the Defendant's submissions to the Equal Employment Opportunity Commission (EEOC), specifically:**

- Amazon's Position Statement to the EEOC in response to Charge No. 4903-4830-7790; and

- Accompanying Exhibits A through U submitted to the EEOC under internal case tracking 4916-6983-8416.

I.  **INTRODUCTION**
    This motion seeks a court order compelling review and admission of evidence that has now come to light and is directly material to the Court's assessment of the Defendant's Motion to Dismiss. The Plaintiff argues that these documents—prepared and submitted by the Defendant to the EEOC—reveal contradictions, falsehoods, and previously undisclosed admissions that rebut Amazon's entire legal defense posture before this Court.

## II. FACTUAL BACKGROUND AND LEGAL CONTRADICTIONS

1. **Intentional Retaliation Contradiction:**
   Amazon has claimed no retaliatory motive in their Motion to Dismiss. However, the EEOC Position Statement outlines Amazon's own admissions of imposing disproportionate expectations on the Plaintiff, structured to induce failure, via PIVOT plans and misrepresented coaching.

2. **Unsafe Working Conditions and Denials:**
   Defendant previously denied knowledge of unsafe conditions. Exhibits submitted to the EEOC, however, confirm that the Plaintiff escalated numerous safety violations, including OSHA-level concerns, that were summarily ignored. These concerns were also visually documented.

3. **Character Defamation After the Fact:**
   The EEOC submission contains harmful and unsubstantiated insinuations about Plaintiff's demeanor and conduct (e.g., "touchy-feely" accusations), which were never part of prior HR documentation and appear to be fabricated after litigation began.

4. **EEOC Filing Acknowledgement:**
   While Amazon represented to this Court that no EEOC complaint had been filed or received, they have submitted a formal, detailed response to the EEOC. This undermines the legitimacy and honesty of the Motion to Dismiss.

## III. LEGAL BASIS FOR RELIEF REQUESTED

- **Rule 15(d):** Allows for supplementation of pleadings where post-filing events bear relevance to claims and defenses.

- **Rule 11(b):** Requires good faith representations to the court—contradictions in the EEOC and court responses raise serious questions.

- **Burlington Northern v. White, 548 U.S. 53 (2006):** Retaliatory adverse actions extend beyond terminations and include assignments designed to punish protected activity.

- **EEOC v. Target Corp., 460 F.3d 946 (8th Cir. 2006):** Misuse of disciplinary tools as retaliation violates Title VII.

## IV. REQUEST FOR RELIEF

Plaintiff respectfully moves the Court to:

1. **Issue an order directing Defendant Amazon to produce all documents submitted to the EEOC** in response to Charge No. 4903-4830-7790, including Position Statement and Exhibits A–U.

2. **Permit the Plaintiff to supplement the case record** with said documents for the purpose of rebutting Defendant's Motion to Dismiss.

3. **Take judicial notice** of the inconsistencies, admissions, and contradictions revealed between Defendant's EEOC statements and their court submissions.

4. **Assess whether Defendant has violated Rule 11(b)** or engaged in a pattern of bad faith or misrepresentation.

## V. CONCLUSION

The requested review is essential for ensuring that justice is not undermined by misleading or contradictory postures taken by the Defendant. The EEOC materials show that Plaintiff's claims are credible, supported, and in fact admitted in contradiction to the defense's prior denials.

Respectfully submitted,

Keith Ashmeade -*Pro Se* Plaintiff

25 Jupiter Drive
Modena NY 12548
845-303-0594

Defendant is directed to respond to this Motion by July 24, 2025.

SO ORDERED.

7/17/2025

3