Littler Mendelson, P.C.
900 Third Avenue
New York, New York 10022.3298

James F. Bryton
Of Counsel
212.583.2688 direct
212.583.9600 main
JBryton@littler.com

September 30, 2026

MEMO ENDORSED

**VIA ECF**
Honorable Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Ashmeade v. Amazon.com Services LLC*, No. 23-CV-4331 (KMK) (VR)

Dear Judge Reznik:

Pursuant to the Court's September 24, 2026 Order, Defendant Amazon.com Services LLC respectfully requests a protective order precluding *pro se* Plaintiff Keith Ashmeade from serving or enforcing a deposition subpoena directed to former Amazon employee Eric Hallahan unless Plaintiff first identifies the proposed subjects of examination and establishes a case specific factual basis to believe that Hallahan possesses relevant, nonduplicative knowledge. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C), 26(c). Alternatively, Amazon requests that any deposition be limited to subjects for which Plaintiff establishes an adequate factual nexus. The September 24 Order authorized Amazon to seek this relief by September 30, 2026.

On September 29, 2026, Plaintiff requested that the Clerk issue deposition subpoenas to Janet Simonelli and Eric Hallahan. Dkt. 111 at 1. Amazon seeks relief only as to Hallahan. Plaintiff's entire explanation is that Hallahan and Simonelli possess "direct knowledge of facts material" to his claims. *Id.* Plaintiff identifies no proposed subject of examination and no document, communication, allegation, or employment decision connecting Hallahan to his discrimination, retaliation, hostile work environment, Thrive, PIVOT, or termination claims.

Plaintiff alleges that Audrey Atwell and Joe McLaughlin directed or influenced the challenged workloads, performance processes, treatment, and termination. Dkt. 45 at 10, 13, 19, 28–29, 39. It separately identifies Victor Essoka, Larissa Guevara, Marc Guevara, Hope McLeish, Shannon Allamon, Janet Simonelli, and Larry Gately as witnesses to alleged discriminatory, retaliatory, or hostile conduct. *Id.* at 13–14. It does not identify Hallahan as a witness.

Based on the information presently available after a reasonable investigation, Amazon has not identified evidence that Hallahan participated in Plaintiff's termination, Thrive or PIVOT processes, or the allegedly discriminatory or retaliatory conduct challenged in the Third Amended Complaint. The available information indicates that Hallahan served in a safety function. Amazon

does not contend that Hallahan had no interaction with Plaintiff or could have no knowledge of a safety matter. The present record, however, supplies no basis to conclude that he possesses firsthand, nonduplicative knowledge concerning the employment decisions or conduct underlying Plaintiff's claims.

Rule 26 permits discovery that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court must limit discovery that is cumulative or duplicative, is obtainable from a more convenient or less burdensome source, or falls outside Rule 26(b)(1)'s scope. Fed. R. Civ. P. 26(b)(2)(C). For good cause, the Court may forbid discovery or limit the matters into which a party may inquire. Fed. R. Civ. P. 26(c)(1)(A), (D). Rule 45 likewise requires reasonable steps to avoid imposing undue burden or expense on a subpoenaed person. Fed. R. Civ. P. 45(d)(1).

As presently framed, the proposed deposition does not satisfy Rule 26(b)(1). Plaintiff identifies no decision Hallahan made, meeting he attended, communication he received, or conduct he observed relating to Plaintiff's protected characteristics, complaints, performance processes, or termination. Dkt. 111 at 1. By contrast, Plaintiff's pleading identifies the alleged decisionmakers and numerous asserted firsthand witnesses. Dkt. 45 at 10, 13–14, 19, 28–29, 39. Subjecting a nonparty former employee to an unrestricted deposition without identified subject matter or a demonstrated factual nexus would impose a burden disproportionate to the speculative value of the discovery.

Courts assessing whether to restrict a deposition consider the witness's role, the importance of the information sought, the availability of other discovery, and the burden imposed. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69–72 (2d Cir. 2003). They also consider whether the witness participated in relevant events or possesses directly relevant information unavailable from other sources. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 5316 (RMB) (MHD), 2006 WL 3476735, at *12–13 (S.D.N.Y. Nov. 30, 2006). Although an asserted lack of knowledge does not invariably foreclose a deposition, the cases permitting one involve a demonstrated connection between the witness and a material issue. *See Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122–23 (S.D.N.Y. 2015); *Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp.*, 203 F.R.D. 98, 103–04 (S.D.N.Y. 2001). Dkt. 111 identifies no comparable connection here.

Amazon therefore respectfully requests a protective order precluding Plaintiff from serving or enforcing a subpoena directed to Hallahan unless Plaintiff first identifies the proposed subjects of examination and establishes a case specific factual basis to believe that Hallahan possesses relevant, nonduplicative knowledge. Alternatively, Amazon requests that any deposition be limited to the subjects for which Plaintiff makes that showing. Any personal objections Hallahan may have if served remain his to assert.

Respectfully submitted,

*James F. Bryton*
James F. Bryton
LITTLER MENDELSON, P.C.

By **October 5, 2026**, Plaintiff is directed to respond to Defendant's letter at ECF No. 113.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.
Dated: 10/1/2026